# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHRISTOPHER L. GREEN,                                                    **Hon.:**

Plaintiff,**Case No.:**

v.

**KEVAN HUMERICKHOUSE,**
**Badge No. 1830, Michigan State Police,**
**ST. JOSEPH COUNTY SHERIFF'S DEPARTMENT,**
**ST. JOSEPH COUNTY,**
**IOSCO COUNTY SHERIFF'S DEPARTMENT,**
**IOSCO COUNTY,**
Defendants.

---

**ADVANTA LAW, PLC**
**Mohammed Zaher (P52020)**
Attorney for Plaintiff
24300 Southfield Road, Ste 210
Southfield, MI 48075
Tel: (248) 281-6299
Email: Lawyers@advantalaw.com

---

## COMPLAINT

NOW COMES Plaintiff, Christopher L. Green, DOB: June 15, 1977, individually, by and through his attorney, Mohammed Zaher, for Plaintiff's Complaint, respectfully states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for deprivation of civil rights secured by 42 U.S.C. § 1983 and the United States Constitution, including claims for unlawful arrest, false imprisonment, gross negligence, and intentional infliction of emotional distress.

2. Plaintiff is a law-abiding citizen of the United States and a resident of the City of Tawas, County of Iosco, State of Michigan.

3. Defendant **Kevan Humerickhouse**, at all relevant times, was a resident of the State of Michigan, employed by the Michigan State Police Department as a trooper, and is being sued individually and in his official capacity, jointly and severally with the other Defendants named herein.

4. Defendant **Booking Officer**, at all relevant times, was a resident of the State of Michigan, employed by the Iosco County Sheriff's Office as a corrections officer, and is being sued individually and in his official capacity, jointly and severally with the other Defendants named herein.

5. Defendant **Iosco County Sheriff's Office** is a governmental entity organized under the laws of the State of Michigan operating the Iosco County Jail.

6. Defendant **Iosco County** is a governmental entity organized under the laws of the State of Michigan, responsible for the policies, practices, customs, and

procedures of the Iosco County Sheriff's Office, for the training and supervision of its corrections officers and agents, including Defendant **Booking Officer**, and for those acts committed pursuant to the training, supervision, practices, policies, customs, and procedures that deprived Plaintiff of his fundamental constitutional rights as set forth in this Complaint.

7. Defendant **Transporting Officer**, at all relevant times, was a resident of the State of Michigan, employed by the St. Joseph County Sheriff's Office as a corrections officer, and is being sued individually and in his official capacity, jointly and severally with the other Defendants named herein.

8. Defendant **St. Joseph County Sheriff's Office** is a governmental entity organized under the laws of the State of Michigan charged by statute with operating the St. Joseph County Jail.

9. Defendant **St. Joseph County** is a governmental entity organized under the laws of the State of Michigan, responsible for the policies, practices, customs, and procedures of the St. Joseph County Sheriff's Office, for the training and supervision of its corrections officers and agents, including Defendant **Transporting Officer**, and for those acts committed pursuant to the training, supervision, practices, policies, customs, and procedures that

deprived Plaintiff of his fundamental constitutional rights as set forth in this Complaint.

10. All relevant events producing injury to the Plaintiff occurred in Iosco County, Michigan and St. Joseph County, Michigan.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

12. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because all the Defendants reside within the State of Michigan, with the majority residing in this district, and the precipitating events giving rise to the claim occurred in this judicial district.

13. The amount in controversy exceeds $75,000.00 excluding interest, costs, and attorney fees.

14. At the time of the events alleged in this Complaint, Defendants **Officers** were acting in their individual capacities, within the course and scope of their employment as Officers employed by Defendant **Iosco County Sheriff's Office** and Defendant **St. Joseph County Sheriff's Office**, and under the color of state law.

15. At all relevant times, Defendant **Iosco County Sheriff's Office** employed individual Defendant **Booking Officer** as a corrections officer, exercised significant management and oversight with respect to his job duties, and actively participated in and/or authorized his conduct. As such, Defendant **Iosco County Sheriff's Office** is liable for the acts of the individual Defendant under the doctrine of respondeat superior.

16. At all relevant times, Defendant **St. Joseph County Sheriff's Office** employed individual Defendant **Transporting Officer** as a corrections officer, exercised significant management and oversight with respect to his job duties, and actively participated in and/or authorized his conduct. As such, Defendant **St. Joseph County Sheriff's Office** is liable for the acts of the individual Defendant under the doctrine of respondeat superior.

17. Municipal Defendant **Iosco County** is also liable for a constitutional violation based on its policies, practices, and customs. *Monell v. Dep't of Soc Servs*, 436 US 658; 98 S Ct. 2018; 56 L Ed 2d 611 (1978).

18. Municipal Defendant **St. Joseph County** is also liable for a constitutional violation based on its policies, practices, and customs. *Monell v. Dep't of Soc Servs*, 436 US 658; 98 S Ct. 2018; 56 L Ed 2d 611 (1978).

## **COMMON FACTUAL ALLEGATIONS**

19. Plaintiff incorporates and realleges the above paragraphs (1-18) as if fully set forth herein and made a part hereof.

20. That Plaintiff was stopped for a traffic violation, specifically for a loose bumper, on or about May 11, 2023, in Iosco County by Defendant **Kevan Humerickhouse**, a Michigan State Trooper.

21. Upon reviewing Plaintiff's license and registration, Defendant **Humerickhouse** wrongfully indicated that Plaintiff had a warrant for his arrest issued out of St. Joseph County, Michigan on April 11, 2023, for a failure to appear at a hearing for Case #: 22-24514 FH underlying charge of Third Degree Arson.

22. Plaintiff indicated to Defendant **Humerickhouse** that he had never been to St. Joseph County, Michigan, had never been charged with such a crime, and that they had the wrong person.

23. Plaintiff requested that Defendant **Humerickhouse** investigate further and to view a photograph of the person for whom the warrant was issued, which was denied and not acknowledged.

24. Defendant **Humerickhouse**, having had the warrant information and Plaintiff's information, continued with the arrest.

25. Plaintiff was placed under arrest and transported to the Iosco County Jail for processing, where he was booked, fingerprinted, and photographed.

26. At the Iosco County Jail, Plaintiff again requested to see the photograph of the individual for whom the warrant was issued, but was again denied.

27. The warrant issued was for a **Christopher L. Greene**, with an "E" and a date of birth of June 15, 1987.

28. The warrant was void on its face in that Plaintiff was wrongfully implicated.

29. The warrant further stated that the address of the perpetrator was 1306 7th Street, Three Rivers, MI 49093.

30. Plaintiff has never resided at the above address, which was acknowledged by his driver's license and registration information previously supplied. Plaintiff's address is 1085 Meadow Road, Tawas, Michigan, 48763.

31. The warrant further indicated a driver's license number of: **P5006863098187**.

32. Plaintiff's driver's license number is: **G650115497447**.

33. The Register of Actions indicates that the warrant was recalled on May 1, 2023.

34. The Register of Actions further indicates that a certificate of the warrant being removed from the lien was filed on May 2, 2023, a full nine (9) days prior to Plaintiff's arrest.

35. Plaintiff was held for two days at the Iosco County Jail.

36. Plaintiff takes prescribed medications that he was allowed to take while at the Iosco County Jail.

37. Plaintiff was further allowed to see a nurse for his damaged sciatic nerve.

38. A St. Joseph County transport officer picked Plaintiff up from Iosco County and transported Plaintiff to the St. Joseph County Jail.

39. Prior to transport, Plaintiff informed the transporting officer of his medications, but the said officer refused to bring them with Plaintiff.

40. Plaintiff saw that the transporting officer had a photograph of the true perpetrator and again asked the said officer to view it and to allow himself to view the photograph.

41. Plaintiff was again denied seeing the photograph and the transport officer failed to confirm he had the correct person to transport.

42. Plaintiff suffered aggravation of his condition during transport to St. Joseph County due to lack of medications and accommodations during transport.

43. Plaintiff was placed within the St. Joseph County Jail for the remainder of the time until he was released on May 13, 2023.

44. Plaintiff was informed that the actual perpetrator, **Christopher L. Greene**, had an extensive history with the St. Joseph's Sheriff's Department.

45. However, a female deputy indicated to Plaintiff that Plaintiff had never been booked at the St. Joseph County Jail.

46. While incarcerated at the St. Joseph County Jail, Plaintiff was denied hygiene, placed in unsanitary conditions, and in full view of the female prisoners.

47. While incarcerated at the St. Joseph County Jail, Plaintiff requested multiple times for deputies to show him a photograph of the actual perpetrator; however, at all times, he was denied.

48. Plaintiff was further denied medical treatment during his incarceration.

49. At all times pertinent hereto, Defendants had all information, including but not limited to, fingerprints, photographs, and identifying information showing that Plaintiff was wrongly arrested and imprisoned, which could have easily confirmed Plaintiff's identity with this readily available information.

50. On May 13, 2023, Plaintiff's wife went to the County building and Jail in an attempt to have her husband, Plaintiff, released due to his wrongful arrest and imprisonment.

51. It was not until Attorney Perlman telephoned the clerk of the court that St. Joseph County acknowledged that Plaintiff was wrongfully arrested and incarcerated.

52. After said discourse, Plaintiff was abruptly released from custody, due to having been wrongfully arrested and imprisoned.

<u>**COUNT I**</u>
<u>**VIOLATION OF 42 U.S.C. § 1983: UNLAWFUL ARREST**</u>

53. Plaintiff incorporates and realleges all above paragraphs as if fully set forth herein and made a part hereof.

54. Plaintiff's constitutionally protected rights that Defendants violated include the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection.

55. Defendant **Kevan Humerickhouse**, acting under color of the law, took Plaintiff into physical police custody, ignoring Plaintiff's protestations that he was not the actual person they had a warrant out to arrest.

56. That such arrest was unlawful, and that arrest seized and detained Plaintiff, and Defendant intended to take Plaintiff into custody, did in fact take him into custody resulting in subjecting the Plaintiff to the actual control and will of Defendants.

57. That the warrant was invalid on its face as to the Plaintiff in that it named a different person.

58. That as a proximate cause of the arrest, Defendant(s) individually or through respondeat superior, physically restrained the Plaintiff and deprived him of his personal liberty and freedom of movement, all with the intention of confining him.

59. That Defendant(s) actions directly resulted in the actual confinement of the Plaintiff.

60. At all times pertinent hereto, Defendant(s) had all information, to include but to limit, fingerprints, photographs, and identifying information showing that Plaintiff was wrongly arrested and imprisoned which could have easily confirmed Plaintiff's identity with this readily available information.

61. That as a direct and proximate result of Defendant(s) false arrest and detainment, Plaintiff was egregiously injured, suffering emotional injury, loss of freedom, and other constitutionally protected rights described above.

62. Defendant **Kevan Humerickhouse**, acting under color of the law, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

63. Defendants **Iosco County Sheriff's Department** and **Iosco County**, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

64. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of Plaintiff's constitutionally protected rights described above.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

## COUNT II
## FALSE IMPRISONMENT

65. Plaintiff incorporates and realleges all above paragraphs as if fully set forth herein and made a part hereof.

66. The Defendants named herein, either individually or through principles of respondeat superior, physically restrained Plaintiff and deprived him of his personal liberty and freedom of movement for a substantial period of time.

67. That Plaintiff was unlawfully imprisoned, restrained, and detained by Defendant(s), individually or through principles of respondeat superior, directly resulting in the deprivation of Plaintiff's personal liberty, freedom of movement, and against his will.

68. That Defendant(s) accomplished the false imprisonment by actual force or by implied threat of force.

69. That Defendant(s) intended to deprive Plaintiff of his personal liberty and freedom of movement.

70. That such imprisonment was unlawful, and Plaintiff was conscious of his confinement by the Defendants.

71. That Defendant(s) actions directly resulted in the actual confinement of the Plaintiff.

72. At all times pertinent hereto, Defendant(s) had all information, to include but not limit, fingerprints, photographs, and identifying information showing that Plaintiff was wrongly arrested and imprisoned which could have easily confirmed Plaintiff's identity with this readily available information.

73. That as a direct and proximate result of Defendant(s) gross negligence in investigating the actual individual subject to arrest and confinement amounted to conduct so reckless as to demonstrate a substantial lack of concern for whether injury results, Plaintiff was further damaged.

74. In addition to the restraint and deprivation of personal liberty and freedom of movement being unreasonable, Plaintiff's continued confinement and detention were unreasonable in nature.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

## COUNT III
## GROSS NEGLIGENCE

75. Plaintiff incorporates and realleges all above paragraphs as if fully set forth herein and made a part hereof.

76. That Defendants owed a duty to members of the community including Plaintiff to enforce the laws enacted to protect people, arbitrate conflicts, promote the safety and well-being of the public, and perform their other essential job duties with reasonable care and prudence.

77. That Defendant(s) conduct and failure to investigate the truthful protestations of Plaintiff was so reckless that it breached their duties to Plaintiff.

78. At all times pertinent hereto, Defendant(s) had all information, to include but not limit, fingerprints, photographs, and identifying information showing that Plaintiff was wrongly arrested and imprisoned which could have easily confirmed Plaintiff's identity with this readily available information.

79. That as a direct and proximate result of Defendant(s) gross negligence in investigating the actual individual subject to arrest and confinement amounted to conduct so reckless as to demonstrate a substantial lack of concern for whether injury results, Plaintiff was further damaged, and continues to suffer damages, for which he is entitled to relief.

80. Defendant **Iosco County** and **St. Joseph County** are liable in this matter for their gross negligence and reckless misconduct under Michigan law. *MCL*

*691.1407(2)*; see also *Mays v. Snyder*, 323 Mich. App. 1, 68; 916 N.W.2d 227, 266 (2018).

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

## COUNT IV
## MONELL LIABILITY AS TO THE MUNICIPAL DEFENDANTS

81. Plaintiff incorporates and realleges all above paragraphs as if fully set forth herein and made a part hereof.

82. Defendants, **Iosco County** and **St. Joseph County**, like other government municipalities, owed a duty to members of the public, including Plaintiffs, to establish and oversee the enforcement of laws enacted to protect people, arbitrate conflicts, and promote the safety and well-being of community members, visitors, and business invitees.

83. Defendants, **Iosco County** and **St. Joseph County**, further owed a duty to members of the public, including Plaintiff, to actively manage and supervise the various offices of its county government, including but not limited to the **Iosco County Sheriff's Office** and the **St. Joseph County Sheriff's Office**, to ensure that its laws are administered in a fair and equitable manner, and to

promote the well-being of the public so that people may live in relative peace and harmony.

84. Defendant **Iosco County** and **St. Joseph County** owed a duty to members of the public, including Plaintiff, to provide security and protection for their benefit through its law enforcement departments in a fair and equitable manner, consistent with the values of a free society, and to serve the public so that people may live in relative peace and harmony.

85. Defendant **Iosco County** and **St. Joseph County** breached their duty to Plaintiff, resulting in a violation of Plaintiff's constitutional rights, by failing to manage and supervise their law enforcement departments through the exercise of reasonable care and prudence. Instead, the **defendants** acted recklessly, in wanton disregard for the safety and concern of members of the public, including Plaintiff, by failing and refusing to audit the policies and procedures of the **defendants** on a regular and thorough basis, to ensure that its officers and staff members complied with their duties as described herein.

86. Further, **defendants** failed to actively manage and supervise the police officers within its jurisdiction, instead acting with deliberate indifference toward the safety and well-being of members of the public, including the Plaintiff.

87. Defendant **Iosco County** and **St. Joseph County** conduct and failures as described above resulted in constitutional violations of its policies, practices, and customs, which qualifies as an exception to governmental immunity under Michigan's governmental tort liability act, *MCL 691.1401 et seq.*, so that the Municipal Defendant is liable to Plaintiff. *Monell*, supra; see also *Grimes v. Mich Dep't of Transp*, 475 Mich 72; 715 NW2d 275 (2006).

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiff incorporates and realleges all above paragraphs as if fully set forth herein and made a part hereof.

89. Defendant(s) conduct as outlined above was intentional.

90. Defendant(s) conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by Defendant(s) who hold such authoritative power.

91. The conduct of Defendants as described above would naturally and probably result in emotional distress.

92. Defendant(s) conduct was the direct and proximate cause of Plaintiff's severe emotional distress.

93. Defendant(s) conduct directly caused and resulted in severe and serious emotional distress and damage to Plaintiff, including but not limited to: a. Fear of leaving his home; b. Fear of and inability to drive; c. Inability to work; d. Severe stress and anxiety resulting from Defendant(s) actions; and e. Other severe emotional distress.

**WHEREFORE**, Plaintiff has suffered injury and damage including the following: a. Physical injuries; b. Pain, suffering, and emotional distress; c. Lost wages; d. Posttraumatic stress disorder; e. Injuries to his reputation leading to pecuniary loss; f. Humiliation, mortification, and embarrassment; g. Other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against Defendants in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

Respectfully Submitted,

*/s/ Mohammed Zaher*_____
Advanta Law Firm
Mohammed Zaher (P52020)
*Attorney for Plaintiff*