UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. GREEN,

    Plaintiff,

v.

KEVAN HUMERICKHOUSE, et al.,

    Defendants.
_____/

Case No. 1:24-cv-901

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 1983, Plaintiff initiated this action on September 3, 2024 with the filing of a Complaint against the following five Defendants: Michigan State Police (MSP) Trooper Kevan Humerickhouse; the St. Joseph County Sheriff's Department and St. Joseph County (collectively, "the St. Joseph Defendants"); and the Iosco County Sheriff's Department and Iosco County (collectively, "the Iosco Defendants"). Plaintiff's claims arise from his May 11, 2023 traffic stop in Iosco County, Michigan and subsequent brief incarceration. On September 23, 2024, Plaintiff filed an Amended Complaint, adding the Michigan State Police (MSP) as a Defendant.[1] The St. Joseph County Defendants and the MSP filed motions to dismiss. Plaintiff did not file a response to their motions and instead filed a motion for leave to file a second amended complaint. The matter was referred to the Magistrate Judge, who issued a combined Report and Recommendation (R&R) and Order on February 13, 2025. The Magistrate Judge recommends

---

[1] Plaintiff indicates that he inadvertently added the MSP as a Defendant due to a typographical error (ECF No. 48 at PageID.436). He agrees that the MSP is not a proper Defendant in this case "on Eleventh Amendment grounds" (*id.* at PageID.443)

that this Court grant the unopposed motions to dismiss, and the Magistrate Judge conditionally granted Plaintiff's motion for leave. The matter is presently before the Court on Plaintiff's February 27, 2025 submission (ECF No. 48). On March 12 and 13, 2025, Defendants filed responses to Plaintiff's submission (ECF Nos. 50–52).

In his submission, Plaintiff indicates that he "objects to the Magistrate Judge's Report and Recommendation insofar as it denies Plaintiff full leave to amend and recommends dismissal of Plaintiff's claims against the individual and municipal Defendants" (ECF No. 48 at PageID.442). The Court construes Plaintiff's submission as containing both his objections to the Magistrate Judge's Report and Recommendation and an appeal from the Magistrate Judge's Order.[2] For the reasons stated herein, the objections and the appeal are properly denied.

## I.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

### A.  Standard of Review

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1. Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B). The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). An objecting party is required to "specifically identify the portions of the

---

[2] The St. Joseph Defendants accurately observe that Plaintiff's submission is primarily "broad assertions about the case and its procedural posture," with little reference—let alone analysis—of the Magistrate Judge's decisions (ECF No. 51 at PageID.467).

proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).

The court's task is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." W.D. Mich. LCivR 72.3(b). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**B.   Discussion**

Because Plaintiff did not respond to the motions to dismiss, the Magistrate Judge concluded that he had forfeited or waived any opposition to the motions (ECF No. 47 at PageID.423). However, the Magistrate Judge determined that even without forfeiture or waiver, his claims are still subject to dismissal for the reasons set forth in Defendants' supporting briefs. Specifically:

- The Magistrate Judge determined that Plaintiff's claims against the MSP—both his federal and state-law claims—are barred by the Eleventh Amendment (*id.* at PageID.424).

- The Magistrate Judge determined that Plaintiff's claims against the St. Joseph County Sheriff's Department are properly dismissed because it is not a separate legal entity subject to suit (*id.* at PageID.425).

- The Magistrate Judge determined that Plaintiff's *Monell* claims against St. Joseph County are properly dismissed because Plaintiff "offers nothing more than conclusory assertions against St. Joseph County" and "fails to allege facts regarding a specific policy that caused his alleged injury" (*id.* at PageID.425–426, citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

- The Magistrate Judge determined that Plaintiff's state-law claims of false imprisonment, gross negligence, and intentional infliction of emotional distress against St. Joseph County are also properly dismissed because Plaintiff fails to allege that the claims fall within a statutory exception and fails to allege facts demonstrating that St. Joseph County committed the alleged torts while acting outside the exercise or discharge of a government function (*id.* at PageID.426–427, citing MICH. COMP. LAWS § 691.1407(1)).

3

In his submission, Plaintiff challenges two aspects of the Magistrate Judge's analysis of the motions to dismiss. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

First, Plaintiff argues that "the magistrate erred in her assessment that Plaintiff forfeited their claims as demonstrated and previously submitted as pursuant to *Moody v. CitiMortgage, Inc.*, 32 [F.] [S]upp. 3d 869, 875 (W.D. Mich. 2014) (stating that '[a] plaintiff must oppose a defendant's motion to dismiss or *otherwise respond* or he waives opposition to the motion')" (ECF No. 48 at PageID.437) (emphasis supplied by Plaintiff). Plaintiff reads too much into the phrase he highlights from the *Moody* case. While Plaintiff moved for leave to file a second amended complaint, he did not respond to the arguments that his claims in the Amended Complaint were subject to dismissal. In any event, Plaintiff's objection is unavailing as the Magistrate Judge determined that even without forfeiture or waiver, the claims in the Amended Complaint are subject to dismissal for the reasons presented by Defendants.

Second, Plaintiff argues that the Magistrate Judge's recommendation that the Court dismiss his claims against the St. Joseph Defendants with prejudice is "not warranted" and would be "unfair" because "the merits of this case are impossible to determine without discovery and further, the merits of the complaint over all have not been litigated in any capacity" (ECF No. 48 at PageID.442). Federal Rule of Civil Procedure Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Magistrate Judge determined that Plaintiff offers "nothing more than conclusory assertions" in his claims against St. Joseph County (ECF No. 47 at PageID.426–428). As the United States Supreme Court indicated in its seminal decision on pleading requirements, "Rule 8 marks a notable

and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). *See also Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 n.* (6th Cir. 2021) ("Dismissal with prejudice and without leave to amend is [ ] appropriate when it is clear ... that the complaint could not be saved by an amendment."). Plaintiff's objection is properly denied.

Consequently, the Court will deny the objections and approve and adopt the Report and Recommendation as the Opinion of the Court.

## II. Plaintiff's Appeal from the Magistrate Judge's Order

### A. Standard of Review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." FED. R. CIV. P. 72(a) (Nondispositive Matters). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id. See also* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant

statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

## B. Discussion

The Magistrate Judge declined to accept Plaintiff's proposed second amended complaint for filing but permitted Plaintiff the opportunity to submit a corrected second amended pleading that conformed to the following instructions:

1) include the Fourth Amendment individual capacity claim against Defendant Humerickhouse;

2) include the procedural due process claim against the John Doe Defendants;

3) include the state-law gross negligence and [Intentional Infliction of Emotional Distress] claims against Defendant Humerickhouse;

4) omit the MSP and Counties (including associated *Monell* and negligent supervision claims) as Defendants; and

5) omit the references to substantive due process and equal protection.

(ECF No. 47 at PageID.432–433). As to Plaintiff's proposed John Doe Defendants, the Magistrate Judge determined that the appropriate course of action is to allow the amendment and, "once Plaintiff has identified and served them, afford them the opportunity to challenge the claims through Rule 12(b)(6) or Rule 56 motions (including qualified immunity) with an opportunity for Plaintiff to respond" (*id.* at PageID.432).

As a threshold matter, Plaintiff contends that "Rule 15(a)(1)(B) expressly permits Plaintiffs to file their Second Amended Complaint without leave of Court because a party is permitted to do so 'once as a matter of course … after service of a motion under Rule 12(b)…'" (ECF No. 48 at PageID.436–437, quoting FED. R. CIV. P. 15). Plaintiff's contention overlooks the express language of Rule 15(a), which limits a plaintiff's opportunity to amend a complaint without leave

6

of Court to "once as a matter of course."  Plaintiff has already amended his pleading, and his contention that Rule 15(a) permits a second amendment without leave of Court lacks merit.

As to the Magistrate Judge's omission of the MSP, Plaintiff reiterates his position that the "constitutional claim of injury to bodily integrity arose from actions taken by state actors pursuant to governmental policy" and opines that "[t]his position is further able to be developed upon the exchange of discovery, which has yet to occur" (ECF No. 48 at PageID.438).  Similarly, as to the omission of the Counties, Plaintiff requests that the Court permit the *Monell* claims "so that Plaintiff may proceed to prove that the violations he endured were not only real but preventable" (*id.* at PageID.443).  Again, the doors of discovery are not unlocked for a plaintiff armed with nothing more than conclusions.  *Iqbal*, 556 U.S. at 678–79.  *See also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013) ("[I]f a plaintiff's claim is plausible, the availability of other explanations—even more likely explanations—does not bar the door to discovery.  But you can't assess the plausibility of an inference in a vacuum.").

As to the Magistrate Judge's omission of his substantive due process and equal protection claims, Plaintiff argues that his proposed second amended complaint "sets forth extensive facts showing that Defendants lacked probable cause to arrest Plaintiff and then unreasonably detained him for five days without verifying his identity, in violation of the Fourth Amendment" (ECF No. 48 at PageID.438–440).  The Magistrate Judge determined that Plaintiff's references to substantive due process and equal protection in the proposed second amended complaint were futile because they would not survive a motion to dismiss where "Plaintiff fails to allege actions that 'shock the conscience' required to support a substantive due process claim" and "Plaintiff's equal protection allegation is wholly conclusory" (ECF No. 47 at PageID.430–431).  Plaintiff's mere disagreement with the Magistrate Judge's thorough analysis of his allegations fails to demonstrate that her

7

decision is either clearly erroneous or contrary to law.  In short, Plaintiff's appeal supplies no reason for reversing the Magistrate Judge's Order.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants St. Joseph County Sheriff's Department and St. Joseph County's motion to dismiss (ECF No. 18) is GRANTED, and St. Joseph County Sheriff's Department and St. Joseph County are dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendant Michigan State Police's motion to dismiss (ECF No. 26) is GRANTED, and Defendant Michigan State Police is dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 48) from the Magistrate Judge's Order (ECF No. 47) is DENIED.

**IT IS FURTHER ORDERED** that any second amended complaint, conforming to the instructions delineated by the Magistrate Judge, shall be filed not later than 14 days after entry of this Opinion and Order.

Dated:  March 25, 2025                                        /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge